Erma LANDA, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.

No. 06–16970.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2008.

Filed June 25, 2008.

Steven G. Rosales, Law Offices of Lawrence Rohlfing, Santa Fe Springs, CA, for Plaintiff–Appellant.

Jean M. Turk, SSA–Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, WALKER,* and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Erma Landa ("Landa") appeals from a district court order denying her appeal from an adverse disability-benefits decision of the Commissioner of Social Security ("Commissioner"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the judgment of the district court.

We review de novo a district court's order upholding the Commissioner's denial of benefits. *Hoopai v. Astrue,* 499 F.3d 1071, 1074 (9th Cir.2007). "The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards." *Id.* Substantial evidence is "more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Desrosiers v. Sec'y of Health & Human Servs.,* 846 F.2d 573, 577 (9th Cir.1988) (internal quotation marks and citations omitted).

Landa argues that the Administrative Law Judge ("ALJ") improperly applied the agency's Medical–Vocational Guidelines

---

* The Honorable John M. Walker, Jr., Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("Grids") to determine that there were a significant number of jobs that Landa could perform despite her limitations and that she was therefore not disabled. She contends that the presence of significant non-exertional limitations (namely, her depression) required the ALJ to consult a vocational expert. The district court concluded that the ALJ's decision was supported by substantial evidence and was based on proper legal standards.

■ We reject Landa's arguments substantially for the reasons given by the district court. A vocational expert is required and the Grids are inapplicable "when a non-exertional limitation is 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations." *Hoopai*, 499 F.3d at 1076. Landa reasons that because the ALJ determined that her mental impairment was "severe" at an earlier step of the disability-determination process, her depression *by definition* constitutes a significant non-exertional limitation, such that the testimony of a vocational expert is required and reliance on the Grids is inappropriate. This argument has been squarely foreclosed by our decision in *Hoopai v. Astrue. See id.* (holding that satisfaction of the "threshold requirement that a claimant prove her limitations are severe is not dispositive of the ... determination of whether the non-exertional limitations are sufficiently severe such as to invalidate the ALJ's exclusive use of the grids without the assistance of a vocational expert").

■ Substantial evidence supports the ALJ's determination that Landa's depression was not a sufficiently severe non-exertional limitation that required the assistance of a vocational expert. The ALJ found that Landa's depression did not result in more than mild or moderate limitation in part because the record showed that she had "little difficulty performing basic adaptive activities such as housework, personal care, and shopping." Landa admitted that she was independent in her activities of daily living and that she cooked, cleaned, and cared for her children. Landa's comprehensive psychiatric evaluation revealed that she was "fully ambulatory and able to maintain an alert upright posture throughout the examination. She was able to understand and appreciate all the examiner's inquiries." Furthermore, Landa's mental residual functional capacity assessment indicated that she was not significantly limited in eighteen of the twenty categories of possible impairments in understanding and memory, sustained concentration, social interaction, and adaptation, and that she was moderately limited in just two categories.

■ Landa also contends that the ALJ committed legal error in relying on Social Security Ruling 85–15. She claims that SSR 85–15 is inapplicable because it concerns claimants with only non-exertional limitations, and she has both exertional and non-exertional limitations. But even if the ALJ's determination that Landa's non-exertional limitations did not erode the occupational base was influenced by SSR 85–15, any citation to that ruling was harmless in light of the other reasons given by the ALJ because it did "not negate the validity of the ALJ's ultimate conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir.2004).

**AFFIRMED.**